7115-0006
copy
WSE

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

DAVID A. CAREY II, )
    PLAINTIFF, )
vs. ) Case No. 3AN-19-09011 CI
VOLUNTEERS OF AMERICA ALASKA, )
    DEFENDANT. )

RECEIVED OCT 21 2019
SEDOR, WENDLANDT, EVANS & FILIPPI

# COMPLAINT
## Amended

COMES NOW, David A. Carey II, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

## I. JURISDICTION

1.1. At all relevant times, plaintiff, David A. Carey II, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Volunteers of America Alaska (VOAA), has maintained significant business connections within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

## II. FACTS

2.1. On or about October 15, 2014, Plaintiff David A. Carey II was hired by Defendant as its Program Director for Grandfamilies grant. His job was a full time position, with full benefits.

2.2. At the time of his hiring, Defendant informed Mr. Carey that his position reported directly to VOAA's President/CEO.

COMPLAINT: CAREY V. VOLUNTEERS OF AMERICA ALASKA     PAGE - 1 -

2.3. At the time of his hiring, Defendant informed Mr. Carey that his position would directly report to the State of Alaska on the Grandfamilies grant, which was a State funded grant.

2.4. In his position as Program Director for the Grandfamilies grant, Plaintiff accepted legal responsibility for maintaining confidentiality associated with the SAMS electronic software system, which was used to obtain and assess client based information relevant to the grant.

2.5. Mr. Carey's initial performance reviews, undertaken by former supervisors, CEO (former) Elaine Dahlgren, and VP of Senior Services Morgan Jensen, showed that he adequately performed his duties, and that he reported in a timely and competent manner to the State Agency in charge of the Grandfamilies grant.

2.6. In early 2018, Plaintiff David Carey was placed under the supervision of Cheryl Daniels, Vice President of Prevention Services. Prior to 2018, Plaintiff's position had been equal to Ms. Daniels' on Defendant's Organizational Chart. Under the new organization, Plaintiff was placed subordinate to Ms. Daniels, and subordinate to the VP of Senior Services.

2.7. On April 5, 2018, Ms. Daniels informed Plaintiff that she had altered his position on State of Alaska Grandfamilies grant by denoting herself as the director and listing Plaintiff as "point of contact." However, Ms. Daniels stated in an email that Plaintiff could change his name back "if this works better for you."

2.8. On April 6, 2018, Plaintiff informed Ms. Daniels that he changed his name back to director and listed her as the point of contact. However, Plaintiff was told by Defendant's CEO, Sherrie Hinshaw, that Ms. Daniels would be the new program director for the Grandfamiles grant, despite the fact that Plaintiff had been doing a good job with the grant.

2.9. Realizing that CEO Sherrie Hinshaw and Ms. Daniels were acting in a discriminatory manner toward him, demeaning and demoting him, while favoring younger, Caucasian employees, on April 13, 2018, Plaintiff filed a complaint of discrimination with the Anchorage Equal Rights Commission (AERC), which co-investigated with the Equal Employment Opportunity Commission. Plaintiff's complaint alleged violations of Municipal and Federal Law prohibiting discrimination on the basis of race, age, and sex.

2.10. In the time expanse between April 13, 2018, when Plaintiff filed his complaint and April 30, 2018, Mr. Carey experienced significant harassment from his supervisor, Ms. Daniels, which he knew was caused by the fact that he filed his complaint with the AERC. Consequently, on April 30, 2018, Mr. Carey filed a second complaint with the AERC, this time alleging retaliation for engaging in protected activities.

2.11. In the period after April 30, 2018 through until June 20, 2018, Mr. Carey experienced continued harassment and diminution of his job duties, such that his work environment became intollerable for him to remain on the job. Consequently, on June 20, 2018, Plaintiff was constructively discharged from his employment with Defendant.

2.12. A critical interaction between Ms. Daniels and Mr. Carey, that contributed to his constructive discharge, occurred on June 1, 2018, during a meeting between them. At this meeting, Ms. Daniels specifically stated that because Mr. Carey had filed a complaint against Defendant, she was going to take money from the Grandfamilies grant to pay for the defense against his charges.

2.13. After the June 1, 2018 interaction between Ms. Daniels and Mr. Carey, he complained with Defendant's Human Resource office, requesting that Defendant have an HR representative present at significant meetings with Ms. Daniels, given her retaliatory behavior toward him.

COMPLAINT: CAREY V. VOLUNTEERS OF AMERICA ALASKA     PAGE - 3 -

2.14. On or about June 15, 2018, Ms. Daniels and Mr. Carey had a meeting with Defendant's Human Resources Director, during which the discussion focused on Ms. Daniel's retaliatory conduct toward Plaintiff. During this meeting, the HR Director made it clear that Defendant would be supporting Ms. Daniels' conduct.

2.15. Defendant refused to address Ms. Daniels' direct retaliatory threats and conduct. Instead, Defendant permitted Ms. Daniels to discipline Mr. Carey for complaining of the retaliation that he was experiencing.

2.16. On June 20, 2018, Mr. Carey realized that he could no longer remain employed by Defendant. He resigned his position believing that Defendant's conduct regarding the Grandfamilies grant constituted an illegal misappropriation of funds, and continued employment under those circumstances would have meant he was complicit in Defendant's illegal and inappropriate conduct.

2.17. On June 22, 2018, Mr. Carey amended his retaliation complaint with the AERC to include constructive discharge against Defendant.

## CAUSES OF ACTION

A. **GENDER AND RACE BASED DISCRIMINATION AND RETALIATION AGAINST DAVID A CAREY II: VIOLATION OF 42 U.S.C. § 2000E-2(A)**

3.1. Plaintiff herewith refers to, and by that reference incorporates as though fully set forth herein, each and every paragraph set forth above.

3.2. Plaintiff is informed and believes that Defendant Volunteers of America Alaska treated him differently based on his gender, age, and race, when it arbitrarily demoted him from his position as Program Director for the Grandfamilies grant.

3.3. Plaintiff affirms that he is an African-American, male, who worked in the position as program director for the Grandfamilies grant, and that Defendant demoted him from his position, and used his demotion as a method for removing him from his employment with the company.

3.4. Plaintiff affirms that because he had a reasonable belief that he was being discriminated against by Defendant, he filed a complaint with the Anchorage Equal Rights Commission, alleging discrimination based on Race, Sex, and Age (illegal under Anchorage Municipal Code, even if complainant is under 40 years of age).

3.5. Plaintiff alleges that Defendant had direct knowledge that he had engaged in a protected activity by filing his complaint with the Anchorage Equal Rights Commission, which co-filed the complaint with the Equal Employment Opportunity Commission, and consequently engaged in retaliatory conduct toward plaintiff due to his protected activity.

3.6. As a direct and proximate result of Defendant's unlawful conduct, by treating him in a disparate manner based on his race, gender, and age, and retaliating against him, Plaintiff believed his work environment had become so intolerable that he had to quit his job, specifically because he was told by his supervisor Cheryl Daniels that his complaints to the human rights commission had resulted, and would continue to result, in a diminution of funds for the Grandfamiles grant and his supervisor was illegally making use of his credentials to acts as the grants program director.

3.7. Plaintiff has suffered, and will continue to suffer, injuries, including but not limited to, emotional distress, humiliation, embarrassment, loss of employment and employment opportunities. a loss of earning potential, emotional distress, and loss of benefits. He is therefore entitled to general and consequential damages to be proven at trial.

/

/

/

COMPLAINT: CAREY V. VOLUNTEERS OF AMERICA ALASKA PAGE - 5 -

Case 3:19-cv-00284-HRH   Document 1-1   Filed 11/04/19   Page 5 of 8

B. **RACE BASED DISCRIMINATION AND RETALIATION AGAINST DAVID A CAREY II: VIOLATION OF 42 U.S.C. § 1981.**

3.8. Plaintiff herewith refers to, and by that reference incorporates as though fully set forth herein, each and every paragraph set forth above.

3.9. Plaintiff is informed and believes that Defendant Volunteers of America Alaska treated him differently based on his race, African American, when it arbitrarily demoted him from his position as Program Director for the Grandfamilies grant.

3.10. Plaintiff affirms that because he felt he was being treated differently because of his race, he engaged in protected activity and filed a complaint with the Anchorage Equal Rights Commission. Alleging discrimination on various grounds, including race.

3.11. During the period after he engaged in his protected activity, which was on April 13, 2018, Mr. Carey experienced retaliation from his supervisor Cheryl Daniels that was approved and permitted by Defendant.

3.12. The retaliation that Mr. Carey experienced by Defendant was egregious, and included illegal conduct intended to harm the recipients of the grant that he had been directing, thereby compelling him to remove himself from the work environment in an effort to spare the recipients of the Grandfamilies grant from being harmed as collateral damage in Defendant's retaliation against him.

3.13. As a direct and proximate result of Defendant's unlawful conduct, by treating him in a disparate manner based on his race and retaliating against him, Plaintiff has suffered injuries, including but not limited to, emotional distress, humiliation, embarrassment, loss of employment, and loss of employment opportunities.

3.14. Plaintiff has suffered and will continue to suffer a loss of earning potential, emotional distress, and loss of other job opportunity and benefits. He is therefore entitled to general and consequential damages to be proven at trial.

3.15. Plaintiff additionally requests punitive damages against Defendant, given the egregious and illegal manner by which it retaliated against him.

## PRAYER FOR RELIEF

WHEREFORE, as a proximate, legal, and substantial cause of Defendant's acts and omission above, Plaintiff prays for the following remedies:

1. For recovery of income loss, including future income loss, benefits loss, retirement loss, and other actual economic losses, with an exact amount to be proven at trial, by within an amount exceeded the minimum jurisdictional threshold;

2. For damages to compensate for emotional distress, loss of sleep, humiliation, embarrassment, and other non-economical harm, Plaintiff suffered as a result of Defendant's discriminatory and retaliatory conduct toward him, with an exact amount to be proven at trial;

3. For punitive damages for Defendant's egregious and illegal conduct;

4. For reasonable attorney's fees as provided by statute 42 U.S.C. § 1988 and 42 U.S.C. § 1981.

5. For pre-judgment interest as allowed by law;

6. For cost of suit herein;

7. For any other such relief as the Court deems just and proper, or as permitted by statute.

Dated: October 21, 2019

*Isaac D. Zorea*
ABA No. 0011090
Counsel for David A. Carey II

COMPLAINT: CAREY V. VOLUNTEERS OF AMERICA ALASKA        PAGE - 7 -

Case 3:19-cv-00284-HRH   Document 1-1   Filed 11/04/19   Page 7 of 8

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by mail this 21th day of October 2019.

William J Evans
500 L Street, Suite 500
Anchorage, AK 99501

Isaac Zorea

COMPLAINT: CAREY V. VOLUNTEERS OF AMERICA ALASKA PAGE - 8 -